(128 So. 124)

BOYKIN v. STATE.

8 Div. 790.

Court of Appeals of Alabama.
March 25, 1930.

Rehearing Denied April 22, 1930.

Street, Bradford & Street, of Guntersville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

### BRICKEN, P. J.

The indictment returned by the grand jury against this appellant, and upon which he was tried and convicted as charged, and duly sentenced to the penitentiary for twenty years, charged him with the offense of murder in the second degree, specifically, that he, "unlawfully and with malice aforethought, killed Zack McGuire by shooting him with a pistol, but without premeditation or deliberation," etc. From the judgment of conviction pronounced and entered he appealed to this court.

In answer to the indictment the defendant interposed a plea of "not guilty," and thus the issue upon which this case should have been tried was formulated. The accused relied upon self-defense, he having admitted, and the evidence having disclosed without dispute, that he did kill the said Zack McGuire by shooting him with a pistol. The defendant was ably represented in the court below, and upon appeal here, his counsel have filed a very able and extended brief in behalf of appellant. The record is voluminous; and the assignment of errors consists of 120 separate and distinct grounds. The oral charge of the court was exhaustive; it was a very able, clear, and explicit exposition of every phase of the law bearing upon this case; this charge covers about fourteen pages of this record. In addition to the oral charge nearly half a hundred special written charges were given at the instance of the defendant. The law, as stated to the jury in the oral charge and in the given charges, fairly and substantially covered each of the refused charges which contained proper statements of the law.

■■ The first several insistences of error, as shown by assignments 1 to 8 inclusive, relate to the rulings of the court upon the qualifying, selection, and impaneling of a jury. It appears that two of the jurors stated to the court in response to questions propounded that they had a fixed opinion as to the guilt or innocence of the defendant, which would bias their verdict. Whereupon, the court stated that the two jurors in question were challengeable for cause. Such challenge was waived by the state, but the defendant did not waive and challenge each of the said jurors for cause after having been required by the court, over objection and exception, to pass upon these jurors. Appellant earnestly insists these rulings of the court were error prejudicial to his substantial rights, and contends that the court of its own motion should have ordered the jurors to stand aside, and cites sections 8614, 8645, and 8659 of the 1923 Code in support of this insistence. We do not accord to the insistences of appellant in this connection. Section 8645, supra, has to do with the selecting and impaneling of juries in a capital case and does not apply to cases wherein the juries are to be selected, as here, from the regular venire in attendance. As to section 8659, supra, the court in this case complied literally with the imperative provisions of this section. This affirmatively appears from the record. Under this section it is made the duty of the court to ascertain the qualifications of the juror, and when the court ascertains he is disqualified, either by his own oath or otherwise, it is the court's duty not to allow him to be sworn when challenged. Sanford v. State, 143 Ala. 78, 86, 39 So. 370. This section (8659, Code 1923) is the same as section 5010 of the Code 1896, which section was involved in the Sanford Case, supra. We find no error here.

It is clearly apparent from this record that this appellant, and the man he admittedly killed, were not on friendly terms. The evidence disclosed, without dispute, that each had made threats against the other, and the testimony of the witnesses, both for the state and for the defendant, was to the effect that at the time of the fatal shooting the deceased and also the defendant used opprobrious words to each other. The defendant, however, denied this. There was some conflict in the evidence as to the details of the shooting and these were for the jury to determine. The court properly charged the jury to carefully consider all the evidence submitted to them during the trial. He properly charged that the burden of proof was upon the state to show that the defendant unlawfully and with malice aforethought killed the deceased by shooting him with a pistol, and that in

518

this case premeditation or deliberation was not involved. The law of self-defense was properly stated by the court, and the court charged, if after considering all of the evidence there was a reasonable doubt of the defendant's guilt arising from any part of the evidence, or a reasonable doubt as to whether or not he acted in self-defense, they should so declare by their verdict, and acquit him.

The inquiry as to the alleged association of deceased with defendant's wife, illicit or otherwise, and the resultant effect upon their domestic life, was, at the instance of the accused allowed to take a very wide scope and unusual course. This action of the trial court was in line with numerous other rulings, all indicating that this appellant was accorded an unusually fair trial and was allowed every opportunity to present his every insistence tending to exculpate him for the killing, which was admitted.

This court will not attempt to discuss in detail the innumerable insistences of error. We have given careful attentive consideration to each and every point of decision presented and are of the opinion that no error appears which injuriously affected the substantial rights of the defendant. As stated the killing was admitted. Whether the deceased was justifiable or not under his plea of self-defense, was a question for the jury. There is no provision of law which would justify the accused in taking the life of deceased because of purported improper relations between his wife and the deceased. Rogers v. State, 117 Ala. 9, 22 So. 666. His sole defense was under the law of self-defense, and, as to this, the court was unusually clear and explicit in the instructions given to the jury, and by no ruling of the court was the defendant deprived of any material fact or circumstance given in evidence on these questions and relating to the actual facts at the time and place of the killing. After a consideration of all the evidence, we are convinced it was ample to justify the jury in the verdict rendered. The motion for a new trial was properly overruled in our opinion.

Affirmed.